UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH DAVIS, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 24-cv-3202 |
| : | |
| JUDGE JEFFREY L. SCHMEHL, : | |
|     Defendant. : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                                                         **September 3, 2024**
**United States District Judge**

        Plaintiff Keith Davis, a self-represented litigant, filed this civil action against United States District Judge Jeffrey L. Schmehl based on Judge Schmehl's handling of two civil cases that Davis previously filed in this Court. (ECF No. 1.) Davis seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

    **A.  Civil Action Number 19-2905**

        On July 3, 2019, Davis filed a civil rights complaint "against the Third Circuit Court of Appeals, the 'Third Circuit Court all Districts,' the 'Clerks of U.S. Courts and State Courts,' various state courts, municipal employees/entities and attorneys, and the Washington Post," as well as "several current and former federal judges, and clerical officers for various state and

---

[1]     The facts set forth in this Memorandum are taken from the Complaint and Exhibits filed in this case, (ECF Nos. 1 & 2), as well as dockets for the federal lawsuits underlying Davis's claims, of which this Court may take judicial notice. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by CM/ECF.

federal courts." *Davis v. City of Philadelphia*, No. 19-CV-2905, 2019 WL 3304699, at *1 (E.D. Pa. July 23, 2019).  Davis "raise[d] civil rights and other claims stemming from criminal cases filed against him and various proceedings in state and federal court." *Id*.  He alleged "that state prosecutors, state courts, state and federal judges, public defenders and others have generally conspired to rig the judicial system against African Americans." *Id.*  Davis further alleged "that while incarcerated at [the Philadelphia Industrial Correctional Center ("PICC")] he was unconstitutionally punished and denied medical care for various ailments including an old gunshot wound to the chest, dysentery, and a broken tooth." *Id.* (internal quotations and alteration omitted).

The case was docketed as Civil Action Number 19-2905 and assigned to Judge Schmehl.  Judge Schmehl granted Davis leave to proceed *in forma pauperis* and dismissed his complaint "as frivolous and for failure to state a claim." *Id.* at *6.  However, Judge Schmehl gave Davis leave to amend, noting that it was possible Davis could cure some of the defects in his claims, specifically, those based on the conditions of his confinement at PICC, which were dismissed due to Davis's failure to allege how any of the named defendants were personally involved in those alleged violations of his rights, and those based on a prosecution that ended in Davis's acquittal.  *Id.*

> Rather than filing an Amended Complaint:
>
> Davis responded by filing a document titled "The Order and Memorandum of Law of July 23, 2019, by the U.S. Third Circuit Judge Jeffrey L. Schmehl, is Void." The document appear[ed] to be drafted as a hybrid motion pursuant to Federal Rule of Civil Procedure 60(b)(4) and an amended complaint. So construed, [Judge Schmehl] . . . den[ied] the motion and dismiss[ed] the Amended Complaint.

*Davis v. City of Philadelphia*, No. 19-CV-2905, 2019 WL 4034685, at *1 (E.D. Pa. Aug. 27, 2019) (internal citations omitted).  Judge Schmehl concluded that, as to any malicious

2

prosecution claim, Davis's submission "made no effort to describe facts that would allow the Court to conclude that this prosecution was initiated without probable cause, nor ha[d] he clearly pled how each Defendant (of which there [were] many) was involved in these violations." *Id*. at *3.  He also failed to state a claim based on the conditions in which he was previously confined at PICC, because although he indicated a desire to bring a claim for deliberate indifference to his medical needs, he did not "explain[] which Defendants were involved in the events giving rise to these claims and how each of the involved Defendants [was] responsible for violating his rights." *Id.*  Judge Schmehl's dismissal of the amended complaint was "without prejudice to Davis filing a second amended complaint with regard to the conditions of his confinement at PICC and/or the 2018 prosecution that ended in his acquittal." *Id.* at *4.

Davis did not file a second amended complaint.  He did, however, "return[] with a filing entitled 'Plaintiff's Response to the Order of U.S. District Judge Jeffrey L. Schmehl August 27, 2019 is Void,'" which Judge Schmehl construed as a both a motion for reconsideration, which he denied, and a Second Amended Complaint, which he dismissed with prejudice for failure to state a claim.  *Davis v. City of Philadelphia*, No. 19-CV-2905, 2019 WL 5260385, at *1 (E.D. Pa. Oct. 17, 2019).  Judge Schmehl denied Davis's request for counsel and concluded that further leave to amend would be futile "[i]n light of Davis's prior responses to the Court's grants of leave to amend." *Id.* at *3.

Davis did not file an appeal.  Rather, he continued to file motions in Civil Action Number 19-2905 challenging Judge Schmehl's judicial rulings.  Ultimately, after providing Davis with notice and an opportunity to respond, Judge Schmehl issued an order on April 8, 2021 enjoining Davis from filing "any further motions or documents in [19-2905] apart from a notice of appeal." *Davis v. City of Phila.*, Civ. A. No. 19-2905 (ECF No. 24).  Judge Schmehl also declined to

recuse himself from the case as Davis requested.  *Id.*

  **B.**  **Civil Action Number 24-1563**

  On April 14, 2024, Davis filed a new civil rights action, which was docketed as Civil Action Number 24-1563, and assigned to Judge Schmehl in accordance with the Court's local rules governing related assignments.  *See* L.R. 40.1(IV)(a)(iv) (defining newly filed cases as related to a prior civil case if they "are filed by the same pro se individual as an earlier numbered suit, other than a habeas or social security action").  The complaint in Civil Action Number 24-1563 raised constitutional claims based on Davis's allegations that a judge in the Philadelphia Court of Common Pleas would not permit him to represent a criminal defendant based on a power of attorney, as well as claims based on the confiscation of pictures from Davis by employees of the Philadelphia Sheriff's Department, which depicted judges of this Court whom Davis believed were discriminating against African Americans' rights and that Davis was distributing to members of the public outside of the courtroom.  *Davis v. City of Philadelphia*, No. 24-1563, 2024 WL 3511621, at **1-2 (E.D. Pa. July 23, 2024).  Judge Schmehl "grant[ed] Davis leave to proceed *in forma pauperis* and dismiss[ed] his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim with the exception of his First Amendment claims against three officers of the Philadelphia Sheriff's Department in their individual capacities" based on their confiscation of the pictures from Davis.  *Id.* at *1.  Judge Schmehl also denied Davis's repeated requests for recusal.  *Davis*, Civ. A. No. 24-1563 (E.D. Pa.) (ECF No. 7.)

  The complaint in Civil Action Number 24-1563 was ultimately served on the three defendants of the Sheriff's Department.  *Id.* (ECF No. 14).  In the meantime, Davis again sought Judge Schmehl's recusal.  *Id.* (ECF No. 11).  The case is currently pending in that posture.

### C. Allegations in the Instant Case

On July 12, 2024, Davis filed the instant civil action against Judge Schmehl. (ECF No. 1.) Davis alleges that he did not receive his blood thinner medication for a three-month period during which he was incarcerated at PICC in 2019, causing constant bleeding, and that he was subjected to excessive force and unlawful incarceration during this time. (*Id.* at 5-6, 8.) The Court understands Davis to be alleging that he raised claims based on these conditions in Civil Action Number 19-2905, but that Judge Schmehl improperly dismissed those claims in violation of Davis's constitutional rights, rendering the judgment "void." (*Id.* at 6, 9-11.) Davis also alleges that Judge Schmehl delayed in addressing his complaint in Civil Action Number 24-1563, which he characterizes as a violation of his procedural due process rights. (*Id.* at 10-11.) Davis asks this Court to hold Judge Schmehl "accountable" for how he handled Davis's prior cases. (*Id.* at 6.) He filed copies of his complaints in Civil Action Number 19-2905 and Civil Action Number 24-1563 as exhibits in support of his new claims. (ECF No. 2.)

## II. STANDARD OF REVIEW

The Court grants Davis leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67

---

[2] Although the Court initially denied Davis *in forma pauperis* status for lack of sufficient financial information in his application, (ECF No. 7), Davis has since provided additional financial information reflecting that he qualifies to proceed without pre-paying the filing fee, (ECF No. 9).

F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Since Davis is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.  DISCUSSION

The Court dismisses the Complaint as legally baseless. "The structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts . . . ." *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012). This means there is no mechanism for another District Judge to review Judge Schmehl's judicial decisions in Civil Action Numbers 19-2905 and Civil Action Number 24-1563. To the extent Davis sought review of Judge Schmehl's dismissal of his claims in Civil Action Number 19-2905, he had the option of filing a notice of appeal to the United States Court of Appeals for the Third Circuit. That Davis declined to amend his complaint in accordance with Judge Schmehl's orders giving him opportunities to do so, or pursue an appeal after the case was dismissed, does not entitle him to bring a separate civil action to challenge the judgment entered against him. *See Carter v. All Dist. Fed. Judges*, 415 F. App'x 363, 365 (3d Cir. 2011) (*per curiam*) ("To the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action."). He also could have, but did not, appeal the denial of his post-judgment motions.

In any event, judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d

302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).  Since it is apparent that Davis's claims are based on Judge Schmehl's handling of Davis's cases, Civil Action Numbers 19-2905 and 24-1563, Judge Schmehl is clearly entitled to absolute judicial immunity.  *See Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (*per curiam*) ("We have suggested that federal judges may be immune to claims for injunctive relief, and, in any event, the prior judicial decisions that Martinez complains about either were or could have been the subject of appellate review." (internal citations omitted)); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (*per curiam*) (finding that the district court properly dismissed claims by a *pro se* litigant brought against a federal district judge as legally frivolous on the basis of judicial immunity where the judge acted in the course of ruling on a motion); *see also Carter*, 415 F. App'x at 364-65 (affirming dismissal of *pro se* litigant's claims against "'All District Federal Judges'" – to the extent her claims were "even intelligible" – on the basis that they consisted of merely vague and conclusory accusations and did not include facts to establish that her claims fall within the narrow exceptions to judicial immunity).

**IV.    CONCLUSION**

For the foregoing reasons, the Court will grant Davis leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.  Davis will not be given leave to amend because he cannot cure the legal defects in his claims.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**